IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-16-742 |
| MONTGOMERY COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES COMMUNITY VISION, | * * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

The above-captioned Complaint was filed on March 14, 2016, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because Plaintiff appears to be indigent, the motion shall be granted.

The Complaint, concerning Plaintiff's removal from a homeless shelter, indicates:

Home is Sovereignty. All people of Public has form of Sovereignty, via vested Constitutional rights; by virtue of self's existence. Constitution could not be vested to congruent people as one unit. Each person is recognized as individual; and is vested entire Constitution as whole; thus becomes Sovereignty to exercise as self see fit. Because 'we the people' in Constitution is assertion of Sovereignty; and in Sovereignty there are choices, and those choices are form private and privacy. Therefore, Home is endeavor in Constitutionally vested Choices from rights enumerated in Constitution, and to make choices in private and privacy it is a place. Because Home is property, and because 5th and 14th prohibits deprivation of property without due process of the law.

Community vision is shelter Montgomery County HHS sent; it has many rules; which Plaintiff must abide by; without Due process of the law; when to take shower, when to eat, when to sleep, when to Leave, when to return et al; among other things; similar to that of prison, but without conviction; to land in prison; but even that, after March 30th no one is allowed to sleep at night at its place; creating deprivation of sleep without due process of the law.

> Conclusion
>
> Because there was no trial to remove Home, the property, from the Plaintiff, there was violation of 5th and 14th amendment prohibition against deprivation of property without due process of the law.

*Id*., pp. 3-4.

Plaintiff seeks damages in the amount of $1,500 rent and $750 utilities. He states this was an agreement between the "renter and rentee" until such time as "SDI is resolved." *Id*., p. 4. In further support of his request for damages he states:

> [A]s of 2016 it has not been resolved; which also includes all other Legal issues of Plaintiff when Plaintiff was at Home involved in various legal issues; applied retroactively, or $6 million dollars; as settlement of Homeless and its related issues. Because in lawful divorce, which is identical example; which eviction process is entitled to judge overseeing division of wealth et al; each party get what they deserve; in this process; judge did not remedy issue of Home; and when one party is wealthy; lesser of the two is provided as close as possible as preceding living condition; in this case monthly rent of $1,500, amalgamation of non rent; i.e. utility et al; $750.00 a month, till such time as proper remedy is found. Or up front one time settlement figure of $6 million dollars.

*Id*., pp. 4-5. Plaintiff also seeks an order directing the county to provide emergency funding to Community Vision so that they stay open until the end of October as well as an order directing "them" to stay open until October for "sleep deprivation violation." *Id*. pp. 5-6.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see*

> *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93. However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty.*, S.C., 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf.[1] A separate Order follows dismissing this case.

Date:  April 6, 2016                            /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[1] Plaintiff's request for mandamus relief (ECF No. 3-5) is also unavailing. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over state employees and private entities and cannot compel Defendants to provide him shelter. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969).

3